SCHOTT, Judge.
This is a suit for personal injuries sustained by plaintiff’s ten year old son, Ted, when he was bitten by defendant’s German Shepherd. A jury returned a verdict in favor of plaintiff, awarding $5,673.00 in special damages and $2,000.00 in general damages. Plaintiff appealed, seeking an increase in the award for general damages only.
The incident occurred on August 25, 1980, as Ted approached the home of his playmate, defendant’s son. As Ted neared the gate to the yard where the dog was housed, he was bitten once on the right forearm. Immediately after the incident, Ted was taken to Chalmette General Hospital where the wound was cleaned and sutured. The following day, Ted’s pediatrician administered a penicillin injection and also prescribed oral penicillin.
One week later, Ted returned to the pediatrician with an infection in the wound. He was immediately taken to Methodist Hospital where Dr. Ruel, an orthopedic surgeon, aspirated pus from the wound. The next day, surgery was performed consisting of debridement and irrigation of the wound with antibiotics. Ted remained in the hospital for six days, at all times receiving intravenous dosages of antibiotics.
Three days after being discharged from the hospital the wound was inspected by Dr. Ruel and said to be healing well. On October 28, 1980, Dr. Ruel found that the wound had completely healed, Ted had good functional activity, and his nerves were intact. He told Ted to return in six months if problems developed, but he never returned. At trial in January, 1983, Dr. Ruel observed that there was an indented scar resulting from the loss of fat beneath the skin but said there was no functional or anatomical disability as a result of the injury-
By stipulation, a report from Dr. Randolph M. Howes, a plastic surgeon, to plaintiff’s attorney, was placed in evidence. He saw Ted on August 21, 1981, and described the scar as measuring approximately four centimeters by 1.2 centimeters, with a tooth mark one centimeter in diameter. He said the scar can be made less noticeable by plastic surgery performed in three surgical stages and the only permanent residual effect likely to be suffered by Ted would be numbness in the area of the scar because of cutaneous nerve damage.[1] Dr. Howes also described the scar as a “depressed hyperpigmented unsightly thickened scar,” but this description must be considered in the light of the fact that the jury saw the scar and made its own evaluation of the scar’s appearance in concluding that $2,000 was the appropriate award.
In reviewing quantum, we are guided by the often repeated standard enunciated in Reck v. Stevens, 373 So.2d 498 (La.1979):
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual cir *74 cumstances of the present case. Only after analysis of the facts and circumstances peculiar to this ease and this individual may a reviewing court determine that the award is excessive.”
In this case the award is being challenged as inadequate. The jury apparently felt that because Ted’s injury was completely healed within two months of the date sustained, and because the only residual effects of the injury are a relatively small scar on the forearm of a young boy, a scar that can be improved with plastic surgery, and numbness in the immediate area of the scar, $2,000 was an appropriate award. Although the award may be argued as being too low, we cannot conclude it is so low as to constitute an abuse of the jury’s much discretion.
AFFIRMED.

. The estimated cost of the plastic surgery, $2,000, was included in the special damage award.